IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-3634

ROWAN THOMPSON, an individual

    Plaintiff(s),

v.

THOMAS RAGLAND, individually

    Defendant(s).

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

COMES NOW, Plaintiff Rowan Thompson, by and through counsel, and hereby submits her Response to Defendant's Motion to Dismiss, and in support states as follows:

### INTRODUCTION

This case stems from Defendant Ragland's unconstitutional restraint on Plaintiff's speech.  Plaintiff is a student Metropolitan State University of Denver ("MSU"), a public university.  ECF 18, ¶¶ 4, 7.  Defendant Ragland was the Associate Director for Student Conduct at MSU.  *Id*., at ¶ 4.  This case arises from a dispute Plaintiff had with an MSU professor, Dr. Megan Lazorski.  *Id.*, at ¶ 8.  Following attempts at resolving the dispute, Plaintiff was ultimately removed from Dr. Lazorski's class.  *Id.*, at ¶ 23.  Because Plaintiff was ultimately removed from Dr. Lazorski's class, she was unable to fill out Student Ratings of Instruction ("SRI") forms for Dr. Lazorski.  *Id.*, at ¶ 41.  Plaintiff wished to bring awareness of Dr. Lazorski's shortcomings to others and have her complaints properly heard and addressed by MSU.  *Id.*, at ¶ 43.  Therefore, Plaintiff sent an email to students who were then currently enrolled in Dr. Lazorski's class to inform them of their ability to use the SRI forms to evaluate Dr. Lazorski.  *Id.*, at ¶ 34-35.  This

1

email led to Defendant Ragland beginning the disciplinary process against Plaintiff. *Id.*, at ¶ 30. In his letter explaining the disciplinary process, Defendant Ragland limited Plaintiff's speech by prohibiting her from discussing Dr. Lazorski with any student enrolled in Dr. Lazorski's classes. *Id.*, at ¶ 39. Defendant Ragland's prior restraint on Plaintiff's speech restricted Plaintiff's honest speech she wished to make regarding Dr. Lazorski's performance.

## ARGUMENT

In resolving a Motion to Dismiss, the Court must accept as true all factual allegations in the complaint and view those allegations in the light most favorable to the Plaintiff. *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991). The court must construe all reasonable inferences from the allegations in favor of the plaintiff. *Smith v. Argent Mortg. Co., LLC.*, 447 F.Supp.2d 1194, 1196 (D.Colo. 2006). While a complaint is required to provide "more than labels and conclusions" and factual allegations that "raise a right to relief above the speculative level," the complaint "does not detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint satisfies the requirement to state a claim for relief that is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Plaintiff has adequately pleaded a violation of clearly established law, and Defendant Ragland is not entitled to qualified immunity.

The only ground for dismissal cited in Defendant's motion is that Defendant Ragland is entitled to qualified immunity. Qualified immunity generally "protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *A.M. v. Holmes*, 830 F.3d 1123, 1134 (10th Cir. 2016)(internal quotations omitted). To show that the

law was clearly established, the plaintiff may point to on-point decisions from the U.S. Supreme Court or from the Tenth Circuit, or the plaintiff may demonstrate that the clearly established weight of authority from other courts clearly establishes the law. *Id.*, at 1135. The Tenth Circuit has explained that "we do not always require case law *on point*, and the Supreme Court has warned that officials can still be on notice that their conduct violates established law in novel factual circumstances." *Id.* (internal quotations omitted). While Defendant suggests that qualified immunity requires a heightened pleading standard, the 10th Circuit has rejected a heightened pleading standard when qualified immunity is at issue, and Plaintiff's allegations are analyzed under the *Twombly* and *Iqbal* standards for pleadings. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)(rejecting a heightened pleading standard above the requirements of *Twombly* in qualified immunity cases).

Plaintiff has adequately pleaded a violation of clearly established law. It is well established law in the Tenth Circuit that students in the public education setting "do not 'shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.'" *Seamons v. Snow*, 84 F.3d 1226, 1237 (10th Cir. 1996)(quoting *Tinker v. Des Moines School Dist.*, 393 U.S. 503, 509 (1969)). *Seamons* clearly establishes that in order to restrict a student's speech in situations not involving school sponsored speech, the speech must "'substantially interfere with the work of the school or impinge upon the rights of other students.'" *Id*. *Seamons* also clearly establishes that the First Amendment protects a student's right to bring complaints to the appropriate persons in a public-school setting. *Id*. Furthermore, it is well established law in the Tenth Circuit that a prior restraint on speech "restricts speech in advance on the basis of content and carries a presumption of unconstitutionality." *Taylor v. Roswell Independent School Dist.*, 713 F.3d 25, 42 (10th Cir. 2013).

Defendant does not address any of this clearly established law in his motion. Defendant simply contends that his actions were proper under these controlling precedents. *See* ECF 23, p. 8. However, Plaintiff's allegations adequately plead a violation of the clearly established law of the above cases. Plaintiff pleads that she was restricted from speaking to other students in Dr. Lazorski's class about Dr. Lazorski and her performance. ECF 18, ¶¶ 39, 42-43; 56. These allegations adequately plead that Defendant Ragland's restriction on Plaintiff's speech was a prior restraint under the clearly established law of *Taylor*, and as a prior restraint, Defendant Ragland's restriction was presumptively unconstitutional. *See Taylor*, 713 F.3d at 42.

Plaintiff's allegations are also sufficient to adequately plead a violation of the clearly established law set out in *Seamons*. Despite Defendant's attempt to minimize the significance of *Seamons*, the facts and holding of that case demonstrate that Plaintiff has adequately pleaded a violation of the clearly established law as set out by the Tenth Circuit in *Seamons*. In *Seamons*, the plaintiff, a high school student, reported an assault by his football teammates. *Seamons*, 84 F.3d at 1230. After reporting the assault to school administrators, the football coach, and school principal, he was accused of betraying the team, was required to apologize, and when he refused, was dismissed from the team. *Id*. The Court analyzed the law of the First Amendment and made several observations in its analysis. *See id*., at 1237. First, the Court, quoting the Supreme Court's opinion in *Tinker v. Des Moines*, noted that students do not lose their First Amendment rights when at school. *Id.* Next, the Court noted that schools may restrict speech and expression if it is materially disruptive or invades the rights of other students. *Id*. The Court then noted that a mere undifferentiated fear or apprehension of disruption is enough to justify a restriction on a student's speech. *Id*. The Court's analysis is well-summarized by its statement, quoting from *Tinker*, that "the school district's ability to restrict a student's speech requires a showing that such

4

speech would 'substantially interfere with the work of the school or impinge upon the rights of other students.'" *Id*. Applying these principles of First Amendment law to the plaintiff's claim, the Court concluded that the plaintiff's report and complaints about his assault at the hands of his football teammates was protected by the First Amendment, and the school could not dismiss him from the football team for exercising his First Amendment right to complain about his treatment. *Id*., at 1237-38.

Plaintiff has adequately pleaded a violation of the clearly established law of *Seamons*. Plaintiff pleads that she wished "to bring awareness of Dr. Lazorski's shortcomings as a Professor to others and have her complaints properly heard and addresse by MSU." ECF 18, ¶ 43. Plaintiff pleads that she was encouraged to utilize the SRI forms to address her concerns, but because she was no longer in Dr. Lazorski's class could not fill them out herself. *Id.*, at ¶¶ 28, 41. Plaintiff pleads that, in the email to Dr. Lazorski's students that initiated the disciplinary process, she requested that Dr. Lazorski's students review her course honestly. *Id.*, at ¶ 40. Plaintiff further pleads that Defendant's restriction on her speech prevented her from making honest speech she wanted to make regarding Dr. Lazorski's speech. *Id*., at ¶ 42. As *Seamons* makes clear, the First Amendment protects a student's right to raise complaints and report concerns within the school context, and that is exactly what Plaintiff has pleaded in her Amended Complaint. *Seamons*, 84 F.3d at 1237-38. The fact that the factual situation in *Seamons* is not exactly the same factual situation as this case does not entitle Defendant to qualified immunity. *See Holmes*, 830 F.3d at 1135. Furthermore, Plaintiff has pleaded that her honest speech does not involve a substantial interference or material disruption to the work of MSU, nor does it impinge on the rights of any other students. ECF 18, ¶¶ 57-58. Plaintiff's allegations place her

speech clearly within the protection of the First Amendment as described in the clearly established law of *Seamons*. Defendant Ragland is not entitled to qualified immunity.

## CONCLUSION

Defendant Ragland is not entitled to qualified immunity. Plaintiff has adequately pleaded a violation of clearly established First Amendment law. Defendant's Motion to Dismiss should be denied.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss.

DATED: May 7, 2020

Respectfully submitted by:

*/s/ Michael Nolt*
Michael Nolt, Esq., Atty. Reg. # 50668
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Ste. 150
Aurora, CO 80014
Phone: 720-588-9713
michael@coloradolawteam.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Natalie Powell
    Natalie.powell@coag.gov

    Andrew Katarikawe
    Andrew.katarikawe@coag.gov

    Attorneys for Defendants

*/s/ Michael Nolt*
Michael Nolt, Esq., Atty. Reg. # 50668
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Ste. 150
Aurora, CO 80014
Phone: 720-588-9713
michael@coloradolawteam.com